**STATE ex ATKIN v DICK**

Ohio Appeals, 9th Dist, Lorain Co

No 731.  Decided May 17, 1935

Levin & Levin, Lorain, and Adams & Adams, Lorain, for plaintiff in error.

G. A. Resek, Lorain, and Meyer Gordon, Lorain, for defendant in error.

## OPINION

By STEVENS, J.

The sole question presented is this: In a mandamus action, where a general judgment is entered in favor of plaintiff and no mention of damages is made in the judgment entry, and that question is not reserved for later determination, and two terms of court pass, may plaintiff, upon motion filed therefor, have a rehearing in the same action to assess damages?

We think not.

The question of damages, under the allegations of the petition, was an issue which might properly have been adjudicated in the action below, and if the exigencies of the situation were such.as to require the entry of a judgment ordering the immediate issuance of the writ of mandamus, then the question of damages should have been expressly reserved for later determination. In the absence of mention thereof, or of such ·reservation of said question, the presumption is, either that the issue was resolved in favor of defendant, and that relator was not entitled to damages (unless a bill of exceptions showing that the question of damages was not submitted and decided, is tendered, which was not done in this case), or that relator was relegated .to such right as he might have to institute an independent civil action for damages.

"* * * A judgment is to be construed as disposing of all the issues and controversies raised in the case, unless questions are reserved or leave given to the parties to take further proceedings, in which case the unadjudicated matters are left entirely open, except in so far as their determination in a particular way would be inconsistent with the general tenor of the original judgment. * * *."

34 C.J., "Judgments," §800, p. 505.

See also, ibid., §§1217 and 1304, pp. 797 and 896.

Judgment affirmed.

·FUNK, PJ, and WASHBURN, J, concur in judgment.